IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KEITH MOON                                                            PLAINTIFF

VERSUS                                      CIVIL ACTION NO.  3:11-cv-437-HTW-LRA

RANKIN COUNTY SHERIFF DEPARTMENT, et al.                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

An Order to Show Cause [10] was entered on August 26, 2011, directing the plaintiff explain why he failed to comply with the order [7] entered on July 27, 2011, and he was further directed to file a written response providing this Court with additional information concerning his claims on or before September 12, 2011.  The envelope [11] containing the Order to Show Cause [10] was returned by the postal service with a notice " 'Rejected' by: Rankin County Jail Facility - Return to Sender" and a handwritten note that "Inmate Moon no longer in our jail." Notwithstanding plaintiff's release, out of an abundance of caution, this Court entered a Second and Final Order to Show Cause.

A Second and Final Order to Show Cause [12] was entered on September 28, 2011.  The plaintiff was ordered to file a written response on or before October 13, 2011, showing cause why this case should not be dismissed for his failure to comply with the Court's orders [7 & 10]. The plaintiff was warned that this was his final opportunity to comply with the order [7] of July 27, 2011, and that failure to comply with the Court's order [12] in a timely manner would result in the instant civil action being dismissed without further notice to the plaintiff.

The plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to comply with the orders [7, 10, & 12] of this Court.  It is apparent from the plaintiff's failure to communicate with this Court since he filed his Acknowledgment and Receipt [6] on July 26, 2011, that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal will be without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 31st day of October, 2011.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE